**CLD-113**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4427
_____

THOMAS J. GAGE,
                                        Appellant

v.

WARREN TOWNSHIP COMMITTEE & PLANNING
BOARD MEMBERS; KEVIN PAGE; PROUT &
CAMMAROTA, L.L.P.; DOROTHY D'ANGELO; MARK
KRANE; JOHN CHADWICK; CHRISTIAN KASTRUD;
ALAN A. SIEGEL; GARY DINARDO; VICTOR
SORDILLO; DANIEL GALLIC; RICHARD P. KAUFMAN;
SUZANNE SMITH; JERRY TOTH; DERRICK
FREIJMIL; PETER VILLANI; STATE OF NEW JERSEY
JUDICIARY OFFICES; MARIANNE CAMMAROTA;
SLEEPY HOLLOW OF WARREN, LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-11-cv-01501)
District Judge: Honorable Freda Wolfson
_____

Submitted on Motions for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 9, 2012

Before:     RENDELL, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 2, 2012)

_____

OPINION

_____

PER CURIAM

Appellant Thomas Gage sought to challenge, in the New Jersey state courts,

aspects of the Township of Warren Planning Board's decision to grant preliminary

subdivision approval to Sleepy Hollow of Warren, LLC. Sleepy Hollow sought to

develop a tract of land in Warren Township by building twenty single-family residences.

Gage and his wife were neighboring property owners. Taking events somewhat out of

order, we note that, when Gage filed a second action in lieu of prerogative writs against

Sleepy Hollow and the Warren Township Planning Board in the Law Division of the

New Jersey Superior Court, the Honorable Fred H. Kumpf, on June 15, 2009, granted

judgment to the defendants largely on the basis of res judicata. Gage then appealed to the

Appellate Division of the Superior Court.

In deciding the appeal, the Appellate Division first noted the circumstances of

Gage's original action in the Law Division, as follows:

> In September 2005, the Board granted preliminary site plan approval to
> Sleepy Hollow, on the condition that the developer would provide a
> secondary access road through the adjacent parkland owned by Somerset
> County. In November 2005, [Gage] and his wife, then represented by
> counsel, filed an action in lieu of prerogative writs in the Law Division
> ("the first action"). They alleged that the site plan approval was arbitrary,
> capricious, unreasonable, and an abuse of discretion, and sought to have the
> approval set aside. The trial court in the first action rejected [Gage's]
> contention that one of the Board members who had voted in favor of the

2

original preliminary site plan had a conflict of interest. Thereafter, the court granted summary judgment to Sleepy Hollow and dismissed [Gage's] claims against the Board. All remaining claims were dismissed with prejudice, following a stipulation by the parties that was entered on October 24, 2006.

Gage v. Sleepy Hollow of Warren, LLC, 2010 WL 4121555, at *1 (N.J. Super. Ct., App. Div. 2010).

The Appellate Division then noted that, prior to the filing of Gage's second state court action, Somerset County declined to allow the secondary access road contemplated by the first plan, and so Sleepy Hollow devised an alternative plan, which involved the installation of new traffic signals and the widening of Hillcrest Boulevard. See id. These changes were incorporated by Sleepy Hollow in its application to the Planning Board for amended preliminary major subdivision approval and partial final subdivision approval. See id. In July, 2008, the Planning Board approved the amended application, and two months later the Planning Board issued a resolution granting Sleepy Hollow's application for final major subdivision approval. See id. Gage's second state court action followed in September, 2008. In the second action, Gage, proceeding pro se, challenged the Planning Board's actions with respect to the development, including the approval of the amended plans that eliminated the initially-contemplated secondary access road.

With that background in mind, the Appellate Division noted these contentions raised by Gage on appeal, in seeking review of Judge Kumpf's decision: (1) he (Gage) was entitled to a jury trial on his claims; (2) the defendants deprived him of due process and equal protection; (3) the judgment in the first action did not foreclose the present

3

claims; (4) the Planning Board meetings were incorrectly transcribed; (5) the approved subdivision did not comply with municipal land use laws; (6) the Planning Board's and Sleepy Hollow's engineer had a conflict of interest; (7) the secondary access road provided for as a condition in the original plan was required by law; (8) the Planning Board lacked a quorum when it approved the amended application in 2008; (9) Sleepy Hollow failed to give adequate notice of its amended plan to neighboring property owners; and (10) the estate of a Sleepy Hollow partner failed to disclose an ownership interest in the project. See id. at *2.

The Appellate Division, on October 10, 2010, rejected these arguments, substantially for the reasons given in Judge Kumpf's written opinion. See id. The court explained: "We agree with the trial court that many of [Gage's] claims in this second litigation are barred by the doctrine of res judicata, because they either were, or could have been, brought in the first lawsuit, and by the entire controversy doctrine, which disfavors piecemeal successive litigation." Id. (citing Velasquez v. Franz, 589 A.2d 143 (1991); Prevratil v. Mohr, 678 A.2d 243 (1996)). The Appellate Division also held that, to the extent Gage's claims were not barred by res judicata and entire controversy principles, they lacked merit in light of the deference owed to land use decisions made by local planning boards. Gage did not seek discretionary review in the state supreme court.

In March, 2011, Gage filed the instant civil action in the United States District Court for the District of New Jersey against Sleepy Hollow of Warren, LLC, the Warren Township Planning Board, Judge Kumpf and the Appellate Division, the court reporter

4

who prepared the transcript of the Planning Board's proceedings, the applicant for the development of the property adjacent to Gage's and its owner, the applicant's civil engineer, and several Warren Township officials. The defendants moved in their respective groups to dismiss the amended complaint, Fed. R. Civ. Pro. 12(b)(6), each group raising numerous bases for dismissal, including the Rooker-Feldman doctrine, see District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and the doctrine of res judicata. In an order entered on November 30, 2011, the District Court agreed with the reasoning of the defendants, and dismissed the amended complaint.

Gage appeals. We have jurisdiction under 28 U.S.C. § 1291. The appellees have moved in their respective groups for summary affirmance of the District Court's orders dismissing the amended complaint. Gage has submitted numerous summary action responses, which we have considered. He has also submitted a motion for empanelment of a special grand jury pursuant to 18 U.S.C. § 3331.

We will summarily affirm. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. We exercise plenary review over Rule 12(b)(1) and (6) dismissals. See In re: Kaiser Group International Inc., 399 F.3d 558, 560 (3d Cir. 2005) (Rule 12(b)(1)); Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001) (Rule 12(b)(6)).

Pursuant to the Rooker-Feldman doctrine, lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). Parties who wish to challenge a state court judgment may ultimately seek relief from the United States Supreme Court under 28 U.S.C. § 1257, but the original jurisdiction vested in the Federal district courts, 28 U.S.C. § 1331, does not extend to appellate jurisdiction over state court judgments. Feldman, 460 U.S. 462; Rooker, 263 U.S. 413. The Rooker-Feldman doctrine is, however, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basics Industries Corp., 544 U.S. 280, 284 (2005). The court is not precluded from exercising subject matter jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party …, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id. at 293 (internal quotation marks and brackets removed).

Here, the state court judgments Gage attacked were entered before the federal suit was filed, and he was the loser in those actions. He specifically sued the state court judges who rendered decisions that were not in his favor, and plainly was inviting the

6

District Court to review and reject those judgments.[1] Several counts of the complaint asserted claims arising directly from the judgments of the state courts, accusing trial and appellate judges of constitutional and other violations, and seeking as relief that the judgments rendered against Gage be declared null and void. These counts were properly dismissed pursuant to the Rooker-Feldman doctrine for lack of subject matter jurisdiction, Fed. R. Civ. Pro. 12(b)(1).

To the extent that Gage did not claim damages arising from the state court judgments, his action is not barred by the Rooker-Feldman doctrine, but consideration of the merits of his other claims is precluded by the doctrine of res judicata. "When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to the state judgment;" and, in doing so, a federal court applies "the same preclusion rules as would the courts of that state." Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993) (citations omitted). The District Court may take judicial notice of the record from a previous court proceeding between the parties. See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988).

New Jersey law holds that a final judgment on the merits by a court of competent jurisdiction will bar any identical future action between the parties and their privies. See, e.g., Culver v. Ins. Co. of North America, 559 A.2d 400, 404-05 (N.J. 1989). All matters

---

[1] The defendant judges are, of course, absolutely immunized from a civil rights suit for money damages arising from their judicial acts. Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978).

7

which might have been raised by the parties in the former suit, as well as those that actually were raised, are barred in a subsequent proceeding.  See Kent Motor Cars, Inc. v. Reynolds & Reynolds Co., 25 A.3d 1027, 1036 (N.J. 2011).  As explained by the District Court, the defendants established that Gage's federal suit against Sleepy Hollow, the Warren Township Planning Board, the court reporter who prepared the transcript of the Planning Board's proceedings, the applicant for the development of the property, the applicant's civil engineer, and the several Warren Township officials is identical to the suits he filed in state court that were decided on the merits (a complete list of which appears on pages 3 and 4 of Sleepy Hollow's motion for summary affirmance).  The doctrine of claim preclusion is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes," and seeks to avoid the expense and vexation of multiple lawsuits, while conserving judicial resources and fostering reliance on judicial action by minimizing the possibility of inconsistent decisions.  Montana v. United States, 440 U.S. 147, 153-54 (1979).  It was properly applied to Gage's federal action to the extent that he did not claim damages arising from the state court judgments, and thus dismissal under Rule 12(b)(6) was proper.

For the foregoing reasons, we will grant the appellees' motions, and summarily affirm the order of the District Court dismissing the amended complaint.  Gage's motion for empanelment of a special grand jury pursuant to 18 U.S.C. § 3331 is denied, because the statute invoked does not confer upon the courts discretion to afford an individual

8

litigant the criminal investigative resources of the United States in support of his private grievance.